IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cr-073 |
| | ) | |
| vs. | ) | |
| | ) | **ORDER (UPWARD DEPARTURE)** |
| Derrick Pretends Eagle, | ) | |
| | ) | |
| Defendant. | ) | |

In accordance with Rule 32(h) of the Federal Rules of Criminal Procedure, the Court informs the parties that it is contemplating an upward departure from the applicable Sentencing Guideline range. The grounds for such a departure are based on Section 5K2.8 of the United States Sentencing Commission Guidelines Manual which pertains to extreme conduct on the part of the defendant.[1]

Section 5K2.8 provides that "If the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct." On November 6, 2006, the defendant, Derrick Pretends Eagle, pled guilty to four counts of child abuse. The defendant admitted that he (1) inflicted bodily injury upon a 6-year-old child by striking the child with a belt several times resulting in severe bruising; (2) inflicted bodily injury and mental injury upon a 6-year-old child by forcing the child to eat dog feces because the child had not cleaned up the feces in the home as ordered; (3) inflicted bodily injury and mental injury upon a 6-year-old child by tearing the child's anal opening because the child had soiled his pants; and (4) inflicted bodily injury and mental injury upon a 6-year-old child by grabbing and squeezing the child's groin and genital area because the child had wet his bed. A more

---

[1] An upward departure may also be warranted under U.S.S.G. Section 5K2.3 for severe psychological injury.

detailed recitation of the underlying facts that resulted in the criminal charges was set forth at the change of plea hearing on November 6, 2006.  Needless to say, the Court is of the opinion that the defendant's conduct in this case was extremely barbaric, heinous, cruel, brutal, and degrading to the 6-year-old male victim.  The conduct was demeaning and animalistic.  Not only did the defendant force the child to eat dog feces, he admittedly held his hand over the child's mouth and forced the young boy to swallow the feces and his own vomit when the child became sick.  At this preliminary stage of the proceedings, the Court is considering an upward departure because the anticipated sentencing range of 15-21 months is grossly inadequate and unreasonable in light of the defendant's egregious and barbaric conduct.

The Court is considering an upward departure and imposing a sentence ranging from the upper level of the applicable Sentencing Guideline range up to the statutory maximum of five (5) years imprisonment.  The Eighth Circuit has consistently affirmed upward departures based on a finding of extreme conduct.  See United States v. May, 413 F.3d 841, 846-847 (8th Cir. 2005) (upholding a five-level upward departure under Section 5K2.8); United States v. Schwalk, 412 F.3d 929, 934 (8th Cir. 2005); United States v. Iron Cloud, 312 F.3d 379, 382 (8th Cir. 2002) (upholding a four-level upward departure under Section 5K2.8); United States v. Hampton, 260 F.3d 832, 835-836 (8th Cir. 2001) (upholding a six-level upward departure under Section 5K2.8); United States v. Sarff, 13 Fed. Appx. 467 (8th Cir. 2001) (upholding a 72-month upward departure from the high end of the applicable sentencing range); United States v. Loud Hawk, 245 F.3d 667, 670 (8th Cir. 2001) (finding "the barbaric circumstances of this case warrants significant punishment" and upholding a ten-level upward departure under Section 5K2.8 and collecting cases affirming substantial upward

departures under Section 5K2.8); <u>United States v. Keester</u>, 70 F.3d 1026, 1027-1028 (8th Cir. 1995) (affirming a four-level upward departure under Section 5K2.8).

The Court will await receipt of the Presentence Investigation Report (PSR) and an analysis of all relevant case law in the Eighth Circuit on upward departures under Section 5K2.8.  If either party wishes to submit a Sentencing Memorandum or any reports, letters, or written materials pertaining to the contemplated upward departure, such pleadings, exhibits, and written materials shall be filed on or before Wednesday, January 24, 2007.  The sentencing hearing is currently scheduled for January 29, 2007.

Dated this 8th day of November, 2006.

<u>/s/ Daniel L. Hovland</u>
Daniel L. Hovland, Chief Judge
United States District Court
