**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:06-cr-073 |
| Derrick Pretends Eagle, | ) | |
| | ) | |
| Defendant. | ) | |

---

## I.   BACKGROUND

On November 6, 2006, the defendant, Derrick Pretends Eagle, entered a plea of guilty to multiple counts of an indictment charging child abuse.  The Court accepted the defendant's plea to each count of the indictment and ordered a Presentence Investigation Report (PSR).  The PSR established a total adjusted offense level of 14 and a Criminal History Category of I, resulting in an advisory Sentencing Guideline range of 15-21 months. None of the parties raised any objections to the PSR or the Sentencing Guideline calculations contained in the PSR.

On November 8, 2006, the Court informed the parties that it was contemplating an upward departure from the applicable Sentencing Guideline range in accordance with Rule 32(h) of the Federal Rules of Criminal Procedure.  The grounds for such a departure are based on Section 5K2.8 of the United States Sentencing Commission Guidelines Manual which pertains to extreme conduct on the part of the defendant.  An upward departure may also be warranted under Section 5K2.3 for severe psychological injury.

## II.    **LEGAL DISCUSSION**

Section 5K2.8 provides that "If the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct."  As previously noted, the defendant pled guilty to four counts of child abuse.  The defendant admitted that he (1) inflicted bodily injury upon a six-year-old child by striking the child with a belt several times resulting in severe bruising; (2) inflicted bodily injury and mental injury upon a six-year-old child by forcing the child to eat dog feces because the child had not cleaned up the feces in the home as ordered; (3) inflicted bodily injury and mental injury upon a six-year-old child by tearing the child's anal opening because the child had soiled his pants; and (4) inflicted bodily injury and mental injury upon a six-year-old child by grabbing and squeezing the child's groin and genital area because the child had wet his bed.  A more detailed recitation of the underlying facts that resulted in the criminal charges was set forth at the change of plea hearing on November 6, 2006, and is set forth in the PSR ¶¶ 8-12.

Needless to say, the Court is of the opinion that the defendant's conduct in this case was extremely barbaric, heinous, cruel, brutal, and degrading to the six-year-old child.  The conduct was demeaning and animalistic.  Not only did the defendant force the innocent six-year old boy to eat dog feces, he held his hand over the child's mouth and forced the young boy to swallow the feces and his own vomit when the child became sick.  The defendant also ripped the young child's anal opening in a fit of anger because the young boy had soiled his pants.  The Court has reviewed the photographs taken of the child after the abuse had occurred.  The photographs reveal multiple and severe bruises on the child's legs, arms, back, chest, face, buttocks, anus, and groin area.  The multiple bruises were caused by, among other things, whipping with a belt and punches to the head

and face while teaching the six-year old boy "how to fight."  The Court believes that an upward departure is warranted because the advisory sentencing range of 15-21 months is grossly inadequate and unreasonable in light of the defendant's egregious and barbaric conduct.  The behavior demonstrated by the defendant defies logic and common sense, and it is behavior that will undoubtedly have a life-long impact on the victim.

The Court informed the parties in its Order of November 8, 2006 (Docket No. 24), that it was considering an upward departure and imposing a sentence ranging from the upper level of the applicable Sentencing Guideline range up to the statutory maximum of five (5) years imprisonment. The Eighth Circuit has consistently affirmed upward departures based on a finding of extreme conduct.  See United States v. May, 413 F.3d 841, 846-847 (8th Cir. 2005) (upholding a five-level upward departure under Section 5K2.8); United States v. Schwalk, 412 F.3d 929, 934 (8th Cir. 2005); United States v. Iron Cloud, 312 F.3d 379, 382 (8th Cir. 2002) (upholding a four-level upward departure under Section 5K2.8); United States v. Hampton, 260 F.3d 832, 835-836 (8th Cir. 2001) (upholding a six-level upward departure under Section 5K2.8); United States v. Sarff, 13 Fed. Appx. 467 (8th Cir. 2001) (upholding a 72-month upward departure from the high end of the applicable sentencing range); United States v. Loud Hawk, 245 F.3d 667, 670 (8th Cir. 2001) (finding "the barbaric circumstances of this case warrants significant punishment" and upholding a ten-level upward departure under Section 5K2.8 and collecting cases affirming substantial upward departures under Section 5K2.8); United States v. Keester, 70 F.3d 1026, 1027-1028 (8th Cir. 1995) (affirming a four-level upward departure under Section 5K2.8).  The Court believes that an upward departure under Section 5K2.8 is warranted, reasonable, and appropriate in this case.

3

The Court has given careful and thoughtful consideration to the sentencing factors as enumerated in 18 U.S.C. § 3553(a) which include the following:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)     the kinds of sentences available;

(4)     the advisory guideline range;

(5)     any pertinent policy statements issued by the Sentencing Commission;

(6)     the need to avoid unwarranted sentence disparities; and

(7)     the need to provide restitution to any victims of the offense.

The Court is required to consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to apply just punishment for the offense.  See 18 U.S.C. § 3553(a)(2)(A).  All of these factors weigh heavily in favor of imposing a sentence greater than the advisory Sentencing Guideline range of 15-21 months.  The mindless acts of child abuse are serious criminal offenses involving an innocent and defenseless six-year old boy. The abuse inflicted on the young child equates with aggravated assault involving a serious bodily injury.  If the defendant had

4

been charged with aggravated assault, the result would be an adjusted offense level of 20, Criminal History Category I, with an advisory sentence range of 33-41 months.[1]

The Court must also consider the need to provide adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.  See U.S.C. § 3553(a)(2)(B)(C).  The Court is of the opinion that the defendant should be incarcerated for much longer than 15-21 months in order to protect innocent young children and avoid the devastation that occurred in this case to an innocent, six-year old boy.  Hopefully, the cycle of violence in this family will end and this sentence will provide adequate deterrence.

The Court has also carefully considered the nature and circumstances of the offense, and the history and characteristics of the defendant.  See 18 U.S.C. § 3553(a)(1).  I have reviewed the Psychological Evaluation conducted by Dr. Peter C. Peterson on January 5, 2007.  Dr. Peterson's evaluation and the PSR establish a very disturbing childhood for the defendant in which he was a victim of similar acts of child abuse and neglect.  But the defendant is now a 22-year old man who should know that senseless beatings and forcing a child to eat animal feces is brutal, cruel, and degrading, and can cause psychological injuries.  The defendant's prior history leads the Court to believe that a sentence greater than the advisory Sentencing Guidelines range of 15-21 months is appropriate and reasonable.

In conclusion, the Court has carefully considered the advisory Sentencing Guidelines and all of the factors enumerated in 18 U.S.C. § 3553(a) to determine a reasonable sentence.  The Court is of the firm opinion that an appropriate and reasonable sentence is one that approaches the

---

[1] Aggravated assault carries a base offense level of 14 with a five-level enhancement if the victim sustained a serious bodily injury.  See U.S.S.G. § 2A2.2(a) and 2A2.2(b)(3)(B).  The multiple count adjustment of 4 (U.S.S.G. § 3D1.4), combined with a three-level reduction for acceptance of responsibility, results in a total adjusted offense level of 20, Criminal History Category I, and an advisory sentencing range of 33-41 months.

statutory maximum under federal law.  The statutory maximum on each of the four counts of child abuse is five (5) years.  The Court believes that a six-level upward departure under Section 5K2.8 is appropriate, warranted, and reasonable.  Such an upward departure is clearly in accordance with precedent in the Eighth Circuit.  A six-level upward departure results in a total adjusted offense level of 20, Criminal History Category I, which correlates with an advisory Sentencing Guideline range of 33-41 months.  This is similar to the sentence range that a charge of aggravated assault would carry.

The child abuse that occurred in this case is horrendous.  The victim has been brutalized and will be emotionally scarred for life.  It is the judgment of the Court that the defendant, Derrick Pretends Eagle, shall be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 41 months.  The record should reflect that the sentence on Count 1 is 41 months; the sentence on Count 2 is 41 months; the sentence on Count 3 is 41 months; and the sentence on Count 4 is 41 months, with the sentences to be served concurrently.

**IT IS SO ORDERED.**

Dated this 29th day of January, 2007.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court

6